DOE ex dem. STURGESS v. BANK OF CLEVELAND. See Case No. 13,571.

DOE ex dem. LEWIS v. BARKSDALE. See Case No. 8,317.

DOE (HYDE v.). See Case No. 6,969.

## Case No. 3,958.

### DOE v. JOHNSTON et al.

[2 McLean, 323.][1]

Circuit Court, D. Ohio.[2] Dec. Term, 1840.

EJECTMENT—STAY OF EXECUTION PENDING EQUITY SUIT IN STATE COURT—INJUNCTION—SERVICE OF SUBPOENA—LANDLORD AND TENANT—NOTICE TO QUIT.

1. This court will not stay proceedings on a judgment in ejectment, until the equity between the parties, of which they have jurisdiction, shall be investigated in a state court. But such proceedings will be stayed, where this court have not jurisdiction of the equity.

2. It is sufficient service of the subpoena, on an injunction bill, to serve it on the attorney of the plaintiff in the ejectment.

[Cited in Cortes Co. v. Thannhauser, 9 Fed. 228.]

3. A notice to quit, by the English rule, is necessary only where the relation of landlord and tenant subsists.

[Ejectment.]

Mr. Curtis, for lessor of plaintiff.
Mr. Goddard, for defendants.

OPINION OF THE COURT. Judgment having been entered, a motion was made by defendants' counsel, that further proceedings be suspended until a suit in equity, pending between the plaintiffs and defendants in the state court, which involves the title to the premises recovered in this suit, shall be decided. This motion was opposed by the plaintiff's counsel. It is the practice of this court to stay the writ of possession on a judgment in ejectment, where the defendant has an equitable right, which this court can not investigate for want of jurisdiction, until the same shall be heard and decided in the state court. And, if a conveyance of the legal title shall be decreed to the defendant, this court will give effect to the decree, by a final order to enjoin the writ of possession. In this mode of procedure, great inconvenience, expense and delay, arising from the limited jurisdiction of this court, are avoided. But, in this case, the court have jurisdiction of the matter in equity, as it arises between the parties to the present judgment. And, under such circumstances, to suspend the habere facias possessionem, until the defendants shall have spent their equity in a state court, would not only virtually supersede the jurisdiction of this court, but it would deprive the plaintiff of a right given to him by law, to be heard before this tribunal. Although the bill has been filed in the state court, yet the suit can not be said to be pending in that court, as the process has not been served, nor can notice be given, except by publication under the statute. But if the process had been served, this court, having jurisdiction of the equity, would not suspend the judgment on account of the proceedings in the state court.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [District not given.]

An injunction bill is not considered an original bill, and a service of the subpoena on the counsel of the plaintiff in the ejectment, will be a sufficient notice.

A question was made, whether the lessor of the plaintiff was entitled to a judgment, no notice to quit having been given by him to the defendants. But the court held that notice, by the English rule, was necessary only in cases where the relation of landlord and tenant subsists, and that such relation does not subsist in this case.

The defendants claim as the assignees of a contract of purchase, and there was no agreement that their assignor should enter into the possession. In the case of Spencer v. Marckel, 2 Ohio, 263, the court held that the English rule, as to notice, is not adopted by the law of Ohio.